DEAN (HINES v.). See Case No. 6,519.

## Case No. 3,709.

### DEAN v. LEGG et al.

[1 Cranch, C. C. 392.][1]

Circuit Court, District of Columbia. April Term, 1807.

CHANCERY ATTACHMENT — SERVICE OF PROCESS— VIRGINIA STATUTE.

In a chancery attachment, if the subpoena be served on the principal, the bill cannot be taken for confessed for non-appearance, as in ordinary cases in equity; but there must be an affidavit and publication, &c., according to the act of Virginia, p. 115.

Mr. Taylor (as amicus curiae) suggested that the court could not take the bill for confessed, nor proceed to decree against Legg. The subpoena was served on Legg, and the bill, having been filed three months, was taken for confessed. The debt was due from Legg to the plaintiff on promissory notes under seal. The bill states, in the usual form, that the defendant Legg is a non-resident of the District of Columbia, and cannot be found so as to be served with process. At the expiration of three months after the filing of the bill and service of the subpoena, the bill was taken for confessed at the rules. There was no affidavit of non-residence and no order of publication. There was an agreement between the plaintiff's counsel and James Legg, by which the attached effects were released, and possession of the wagon

[1] [Reported by Hon. William Cranch, Chief Judge.]

and horses given to him, upon his entering into an agreement to be answerable for the decree. If it is taken as confessed that defendant was a non-resident, then there must be publication, &c., according to the act of assembly.

Mr. Simms contended that the subpoena served is as good as an order of publication.

CRANCH, Chief Judge, delivered the judgment of the court.

This is a chancery attachment against Eli Legg as principal debtor, and the other defendants as garnishees. The case, as between the plaintiff and Eli Legg, is a case at law, the debt being due upon single bills under seal. The jurisdiction of this court as a court of equity is given merely by the act of assembly (page 115), giving a remedy in equity against absent debtors having effects in the hands of persons within its jurisdiction, and the act of congress of the 3d of May, 1802 (2 stat. 193). That act of assembly points out the mode of proceeding in order to obtain a decree in case the principal debtor should not appear and give security. That mode of proceeding has not been adopted, but inasmuch as the subpoena was served on Eli Legg, who has not appeared and given security, the plaintiff proceeded to take the bill for confessed, as in ordinary cases in chancery after the expiration of three months from the filing of the bill and the service of the subpoena. The court is of opinion that the bill has been erroneously taken for confessed; because the only ground of jurisdiction of the court, and the only title to relief which the plaintiff can claim, are under the act of assembly, which describes particularly the mode of proceeding in such cases. That mode of proceeding not having been pursued, the court is not authorized to make a decree. A publication, according to the provisions of the act, is necessary.